The defendant was a corporation, under the laws of Kentucky, for benevolent and charitable purposes, and had subordinate lodges in other States, among them Pamlico Lodge, in Washington, N.C. of which the plaintiff and his wife became members. By its charter the defendant was empowered to issue certificates to participate in the relief fund of the order, payable at death to the beneficiary named therein upon compliance with certain conditions. The plaintiff was the beneficiary named in a certificate issued to his wife, and at her death brought this suit, on demand and refusal to pay. The defense was that the (155) subordinate lodge of Pamlico had defaulted in meeting assessments or other stipulated engagements, and had been suspended by action of the Supreme Lodge, and that the requisite notice of the suspension had been properly served. *Page 121 
Plaintiff and wife had met their personal obligations, but Pamlico Lodge had defaulted and had been suspended.
There were numerous defenses taken by defendant and noted, to the charge as given and as refused, but for the purposes of this appeal they were winnowed down to the single question — whether proper notice of the suspension was served on Pamlico Lodge by the Supreme Lodge.
The evidence and charge relative to this question appear in the opinion and concurring opinion.
There was verdict and judgment for the plaintiff; appeal by defendant.
While the law may have been properly stated in the charge of the court, it was done in such a way as to mislead the jury.
The case turned upon the question as to whether the local lodge had been served with notice of suspension by the Grand Lodge. And this seems to be the view taken by his Honor who tried the case. There was no evidence that such notice had been actually received by the local lodge, and the defendant relied on constructive notice. The defendant contended that it properly mailed a notice of suspension, and that this was constructive service upon the subordinate lodge, and that plaintiff had offered no evidence to rebut this presumption. This (156) seems to have been the way the court understood the law. But the evidence as to mailing the notice was not such as authorized the court to charge the jury, that if they believed the evidence the notice had been mailed, as the law required it should be, to create the presumption of service. And we think this question was properly left to the jury to find whether it was mailed or not. It seems to us that the court, in one part of the charge, sufficiently instructed the jury that, if the notice was properly addressed and put in the postoffice, with postage paid, then the law would presume a service.
But in a long charge, answering a great many prayers for instructions, he repeatedly said, "Was this notice served on Cherry? (the secretary). Did he receive it? This is the question." In this way, it seems to us, the jury were most likely left with the impression it was necessary for the defendant to show that Cherry actually received the notice. For this reason there ought to be a
NEW TRIAL.