CROWN CENTRAL PETROLEUM CORPORATION, A CORPORATION v. PAGE-MYERS OIL COMPANY, INC., A CORPORATION; FRANK ROGER PAGE, DORIS B. PAGE, JAMES D. MYERS AND WILLIE MAE C. MYERS.

(Filed 16 June, 1961.)

**1. Trial § 10—**

Where a defendant relies upon accord and satisfaction and testifies that he mailed plaintiff a letter, enclosing a check, stating that defendant was sending the check in full satisfaction of his obligation, and plaintiff's witness has testified that he had searched for the asserted letter but could not find it, a statement by the court upon tender by plaintiff of another witness to testify to the same import, that the court was "of the opinion that it had been sufficiently gone into" must be held prejudicial as intimating an opinion by the court that the letter had not been mailed.

**2. Trial § 33—**

Where the crux of defendant's defense is that he mailed a letter, enclosing a check, stating that the check was in full satisfaction of defendant's obligations to plaintiff, and that plaintiff had cashed the check, an instruction to the effect that if plaintiff received and acted upon the letter it would release the defendant must be held for error as failing to charge on the *prima facie* presumption that if the letter were mailed it was received by the addressee, and in failing to explain that the cashing of the check tendered upon condition would constitute "acting" upon the letter.

APPEAL by defendants Frank Roger Page and wife, Doris B. Page, from *Sink, J.,* at 17 October, 1960 Civil Term of MECKLENBURG.

Civil action to recover money allegedly due on account to Crown Central Petroleum Corporation, Inc.

Plaintiff, Crown Central Petroleum Corporation, hereinafter referred to as Crown, alleged in its complaint that between 8 January 1959, and 22 May 1959, it sold and delivered to the defendant corporation, Page-Myers Oil Company, hereinafter referred to as Oil Company, on account certain petroleum products, statement of which was attached to the complaint as Exhibit A. Plaintiff claims $15,483.24 as the amount due. Plaintiff further alleges and contends that each of

the individual defendants, Frank Roger Page, Doris B. Page, James D. Myers, and Willie Mae Myers, is jointly and severally liable to it on a written guaranty of payment to the full extent of $15,483.24. A copy of the guaranty of payment is attached to the complaint as Exhibit B.

Defendant Oil Company answered and denied generally the allegations of the complaint and, by way of a further answer and defense, alleges in substance that the plaintiff Crown agreed to take over the business of the Oil Company and assume its outstanding indebtedness in satisfaction of the indebtedness due Crown from the Oil Company. There is alleged also the further condition that individual defendant, James D. Myers, would represent Crown as an agent and that he would pay Crown $3,000 in full satisfaction of the account due plaintiff. There is no allegation, however, that James D. Myers paid the $3,000 or that he in fact acted as Crown's agent.

Defendant James D. Myers answers and generally pleads the allegations of the Oil Company, as set out above, and further alleges that Crown was to pay him one and one-half cents per gallon of all gasoline sold by Page-Myers in Forsyth County, North Carolina. He alleges that the amount due him under this agreement is $6,000, but that he is entitled to recover only $3,000 of this amount because of the $3,000 he had agreed to pay Crown with respect to the indebtedness of the Oil Company.

The individual defendants, Frank Roger Page and Doris B. Page, answered jointly. As a first further answer and defense they allege that the individual defendant, Doris B. Page, executed the document of guaranty as an accommodation to Frank Roger Page and that she was not assuming any liability independent of her husband, and that these facts were known by the parties to the guaranty of payment. They further allege that Crown was notified of defendant Frank Roger Page's withdrawal from the Oil Company and that subsequently thereto Crown and the Oil Company entered into a new credit arrangement which constituted a novation and giving rise to an estoppel.

For a second further answer and defense the appellants allege that the defendant, Frank Roger Page, announced to Crown's regional officer that he was getting out of the Oil Company, and that on 10 May 1958, he wrote Crown at its Charlotte office and enclosed his personal check in the sum of $479.67 in full payment of all bills through 1 May 1958. They further allege that under the terms of this letter Crown was advised that Frank Roger Page "is no longer responsible for any bills to Crown Petroleum Corporation." They allege that in accepting the check for $479.67 and in failing to advise either of the appellants, Frank Roger Page and Doris B. Page, of its non-

acceptance of the notice terminating their liability that they were no longer bound under the above mentioned guaranty of payment. They specifically plead estoppel and accord and satisfaction.

For a third further answer and defense they plead the allegations contained in the Oil Company's answer as set out hereinabove, specifically pleading accord and satisfaction and novation.

At the conclusion of all the evidence the counterclaim of the defendant James D. Myers was nonsuited. Thereupon, the following issues were submitted to the jury and answered in the plaintiff's favor as against the Oil Company, and the jury also found that each of the individual defendants was jointly and severally liable to the plaintiff for the amount owed by the defendant Oil Company on their guaranty of payment:

"1. What amount, if any, is the plaintiff entitled to recover of the defendant Page-Myers Oil Company, Incorporated? Answer: $8,000.00.

"2. Which individual defendants, if any, are liable jointly and severally to the plaintiff for the amount set forth in 1 above? Answer: Frank Roger Page, Doris B. Page, James D. Myers, Willie Mae C. Myers.

"3. Which individual defendants, if any, are not liable jointly and severally to the plaintiff for the amount set forth in 1 above? Answer: _____."

To judgment entered in accordance therewith, the plaintiff and each of the defendants give notice of appeal. Only the defendants Frank Roger Page and Doris B. Page perfected their appeal, and assign error.

*Fleming, Robinson & Bradshaw for plaintiff appellee.*
*Clyde C. Randolph, Jr., for defendant appellants.*

WINBORNE, C.J. The first assignment of error relates to the following exchange which occurred after the plaintiff and all the defendants had rested. The plaintiff requested permission to offer one John J. Burke as a rebuttal witness, which was permitted by the trial judge in his discretion. At the conclusion of testimony by Burke the following transpired:

"Mr. Fleming (in the presence of the jury): 'Your Honor, we purpose to call Mr. Duckworth but his testimony would be largely cumulative.'"

"Mr. Randolph: 'Object to that.'"

"The Court: 'Overruled— Exception.'"

"Mr. Fleming: 'I was going to say your Honor has permitted us to have one witness, and since Mr. Randolph takes that attitude, whether your Honor would permit us also to have Mr. Duckworth testify, but

I would have to admit to your Honor that his testimony would be largely cumulative of what Mr. Burke has testified to.'

"The Court: 'The Court is of the opinion that it has been sufficiently gone into to repeat the testimony. Overruled. Exception.'"

The defendant Frank Roger Page contends that the statement "The court is of the opinion that it has been sufficiently gone into to repeat the testimony," amounts to prejudicial error.

When considered in the light of the evidence produced at the trial of case on appeal we are of the opinion that there is error and that the defendants are entitled to a new trial.

The male defendant Page admitted the execution of the guaranty contract. His defense was confession and avoidance, and the burden was upon him to establish it. *Jones v. Ins. Co.*, 254 N.C. 407, 119 S.E. 2d 215.

After defendant Page offered his evidence Crown would have the right to offer evidence to controvert the defendants' claim that the guaranty had been terminated.

The evidence in the record shows that when the guaranty contract was executed, Frank Roger Page was a stockholder and officer in the defendant corporation, Page-Myers Oil Company. Invoices were regularly mailed to his address. Early in May 1958 a conference was held in Winston Salem with respect to the continued operation of the corporate defendant. There is evidence that a price war existed and that Page demanded relief. Present at this meeting were Mr. Duckworth, chief district officer of Crown, his assistant, Mr. Burke, and his principal salesman, Mr. Felton. In this connection defendant Page testified: "So it was agreed upon with Duckworth, Mr. Burke and Archie Felton that, in order to maintain what we had already established in the territory, they would let Mr. Myers take full charge of it * * * Mr. Myers then bought out my interest for that price and I was out of the distributing business with Crown and with Page-Myers Oil Company."

There is evidence that following the conference defendant Page wrote a letter to Crown enclosing his check for $479.69 and containing the statement that he was "no longer responsible for any bills to Crown Central Petroleum Corporation." The letter also contained directions to mail subsequent invoices to "Page-Myers Oil Company, Route #8, Lexington, North Carolina." It is conceded by all parties that Crown got and cashed the check. It is likewise conceded that invoices were thereafter mailed as testified to by Mrs. Page.

To repel defendant Page's assertion of cancellation of the guaranty contract the plaintiff Crown put the assistant district manager, Burke, on the witness stand. He testified that he had searched for the letter

Page claimed to have written but did not find it. However, he does not deny that he knew that Page terminated his relationship with Page-Myers Oil Company in May. Nor does he deny that the conference was had. He says: "No, I don't definitely deny that the statement was made. I can't be positive myself." He concludes his testimony by saying that he is at a complete loss to explain why the company changed the mailing address.

Thereafter, counsel for the plaintiff, speaking with respect to what Duckworth, the district manager, would testify to, said: "I would have to admit to your Honor that his testimony would be largely cumulative to what Mr. Burke has testified to."

What was it Burke had testified to? That he did not know why they had changed the address, or that he did not remember the details of the conference in Winston Salem in May to which defendant Page had testified, or that he could not find the letter?

Then followed the court's statement: "The court is of the opinion that it has been sufficiently gone into to repeat the testimony." Could not the jury in this situation have understood the judge to imply that Burke had made a thorough and careful search for the defendant Page's letter and failing to find such letter, Page had simply not told the truth when he said he wrote and mailed the letter? Could not the jury have understood the court to mean that Page was not telling the truth when he testified that he had agreed with Duckworth to terminate his relationship with Crown at the Winston Salem conference?

Therefore, in the light of the foregoing evidence, we are constrained to hold that the trial court intimated an opinion as to the weight and sufficiency of the evidence in this case in contravention of G.S. 1-180.

Furthermore the portion of the court's charge: "In other words his responsibility and as an owner of stock are totally disassociated conditions, and his guarantee was as much his liability whether he owned stock or whether he did not, so long as he did not comply with his obligation to the time of this letter. If he had done so, and you find from this evidence that in his letter referred to heretofore, they acted upon it, it would release him," is vague and fails to declare and explain the law as required by G.S. 1-180. The court should have also told the jury that if the letter was written and mailed as testified to by Mrs. Page, there is a *prima facie* presumption that it was received. *Trust Co. v. Bank*, 166 N.C. 112, 81 S.E. 1074; *White v. Ins. Co.*, 226 N.C. 119, 36 S.E. 2d 923.

Furthermore, the court erred in charging that if Crown received and acted upon the letter it would release Page. The jury could have gotten the erroneous impression that "acting upon" the letter meant

cashing the check and ignoring the condition contained in the letter. For reasons stated the defendants are entitled to a new trial.

New trial.