JULIUS AMMONS, EMPLOYEE, APPELLANT v. Z. A. SNEEDEN'S SONS, INC., EMPLOYER, AND U. S. FIRE INSURANCE COMPANY, CARRIER APPELLEES.

(Filed 17 October 1962.)

1. **Master and Servant § 74—**

    The provisions of G.S. 97-47 that claim for additional compensation for change of conditions must be filed within twelve months after final payment of compensation under a prior award, *is held* not jurisdictional but provides a plea in bar which may be asserted by the employer, and the employer may be estopped to assert such bar when the employee's delay has been induced by acts, representations, or conduct on the part of the employer.

2. **Same—**

    The evidence tended to show that an employee, dealing solely with

the employer, signed a final settlement for compensation for temporary disability, that within twelve months thereafter the employee gave the adjustor for the employer's insurance carrier notice of change of condition, based upon a subsequent medical examination, that the adjustor promised to take the matter up but failed to do so, and that the employee filed claim with the Industrial Commission shortly after the expiration of the twelve months' period. *Held:* The evidence presents for the determination of the Industrial Commission the question whether the employer is estopped to plead the bar of G.S. 97-47.

**3. Master and Servant § 91; Appeal and Error § 49—**

Where the award of the Industrial Commission is based upon a misapprehension of the applicable law, the cause must be remanded in order that the Commission may hear the evidence and find the facts in the light of the true legal principles.

APPEAL by plaintiff, employee, from *Edward B. Clark, S.J.,* January 8, 1962, Civil Term, NEW HANOVER Superior Court.

This proceeding originated as a compensation claim. On December 22, 1959, the claimant sustained an injury by accident while he was at work for Z. A. Sneeden's Sons, Inc. The U. S. Fire Insurance Company was the insurance carrier on the risk.

On December 30, 1959, Dr. Mebane certified to the North Carolina Industrial Commission that the employee would be able to return to work on January 15, 1960; that the injury would not result in permanant disability. On January 11, 1960, Dr. Mebane filed with the Commission for its approval an expense account for treatment, and again certified the claimant had not sustained permanent disability.

Claimant returned to work on January 12, 1960. The following day the parties entered into an agreement on the Commission's form No. 21, pursuant to which the employer paid claimant $40.00 temporary total disability to January 12, 1960. On January 13, 1960, the claimant filed a closing receipt that contained the following: "I understand that my compensation payments stop when I sign this receipt. I also understand that if my condition changes for the worse, I can claim further compensation only by notifying the Industrial Commission within one year from the date I receive my last compensation payment." Neither the claim for compensation nor the closing agreement referred to permanent disability. However, the blanks in the receipt for information concerning temporary partial, and permanent partial disability were left unanswered.

On February 1, 1960, the job on which the claimant worked was terminated. The claimant secured work from another employer. He continued to have pain, and on November 20, 1960, again consulted Dr. Mebane who wrote to the insurance carrier advising that the plaintiff needed further medical treatment. On December 7, 1960, the insurance

carrier advised: "I am going to refer this matter to Mr. Robert Triplett of . . . We will contact you in the near future for further information."

Claimant consulted Mr. Cline, adjuster for the carrier, who said he had read the letter from Dr. Mebane. "He would look into it . . . He said I would hear from him, and I never heard anything." Not having heard from the carrier, the plaintiff, for the first time, secured counsel who on February 13, 1961, requested the Industrial Commission to reopen the case "to determine the amount of temporary total disability and the amount of permanent disability." The employer and the insurance carrier objected upon the ground the claimant had not notified the Commission within one year from the date of the closing agreement and the last payment of compensation as required by G.S. 97-47.

At the hearing, Dr. Mebane testified that the claimant, as disclosed by his further examination, had suffered a 15 per cent permanent disability as a result of his injury. The Hearing Commissioner and the Full Commission upon review refused to reopen the claim. The latter found:

> "This case came on for review before the Full Commission in Raleigh, North Carolina, on October 9, 1961. Counsel for both the plaintiff and defendants were present and ably set forth their contentions.
>
> "After the Full Commission carefully reviewed all of the competent evidence, findings of fact and conclusions of law made by the Hearing Deputy Commissioner, it is of the opinion, from reviewing the evidence, that the plaintiff was lulled into a sense of security by the carrier's adjuster in sending the plaintiff back for further medical treatment, etc. Even if the plaintiff was lulled into a sense of security, that does not relieve him of his responsibility under the law of filing his claim within the statutory period."

Upon appeal, the Superior Court of New Hanover County approved the order of the Full Commission. The claimant appealed.

*Addison Hewlett, Jr., for plaintiff, appellant.*
*Ruark, Young, Moore & Henderson, by B. T. Henderson, II, for defendants, appellees.*

HIGGINS, J.    This case presents the question whether failure of the claimant to notify the Industrial Commission of a change in condition within 12 months from settlement deprives the Commission of jurisdiction; or whether the delay is intended as a bar to further proceedings. This Court, considering G.S. 97-47, held in *Lee v. Rose's*, 205 N.C.

310, 171 S.E. 87: "The statute is plain and unambiguous, and no reason occurs why it should not be enforced according to the plain provisions." What if there is good reason? Suppose an injured employee is under disability and cannot give notice?

The period within which the claim may be asserted goes neither to the extent of the injury nor to the amount of the compensation. The statute merely fixes a date after which the claim is barred.

In this particular case is the employer estopped to plead as its defense the failure of the claimant to notify the Commission? The claimant was without counsel. He settled by agreement with the employer for a temporary total disability of eight days. The settlement was made at the time the period of disability ended. The Workmen's Compensation Act, G.S. 97-47, required the employer to report the voluntary settlement to the Industrial Commission for its approval. The record does not indicate the Commission ever saw or heard from the claimant. He, having dealt exclusively with the employer, and having well within the 12 months' period disclosed his change in condition, should the employer not have anticipated the claimant would rely on it for a fair settlement, or its giving any notice which would keep the negotiations alive? The statute, G.S. 97-47, provides the Commission may review an award upon its own motion or upon the application of any party in interest. May the employer undertake the review, promise a report, delay it until the one year has expired, and then be permitted to interpose a plea in bar? May he lull the claimant into a sense of security and then say, you have lost the right while you waited on me?

We do not agree that a failure to assert a change in condition within 12 months is jurisdictional. Delay for more than one year may be asserted as a plea in bar, but the party interposing and relying on it may be estopped to assert it by inequitable conduct. "The lapse of time, when properly pleaded, is a technical legal defense. Nevertheless, equity will deny the right to assert that defense when delay has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith." *Nowell v. A & P Tea Co.,* 250 N.C. 575, 108 S.E. 2d 889.

The case of *Biddix v. Rex Mills,* 237 N.C. 660, 75 S.E. 2d 777, is not in conflict with, but supports the views here expressed: "It must not be understood that we hold an employer may not by his conduct waive the filing of a claim within the time required by law. The law of estoppel applies in compensation proceedings as in all other cases. We merely hold that the facts here appearing, including those found by the full Commission, are insufficient to invoke the doctrine in this case." (citing authorities)

The showing of equitable estoppel was sufficient to require the Commission to hear evidence, find the facts, and upon them to determine whether the plea in bar should be sustained or set aside. Sustaining the plea will close the case. Overruling it will require the Commission, as the fact-finding body, to hear evidence and determine whether for "change in condition" a further award is justified and, if so, the amount thereof. In assuming it did not have power upon a proper finding to reopen the case, the Commission acted under a misapprehension of law. For that reason its order is set aside.

The judgment of the Superior Court is reversed. The case will be remanded to the North Carolina Industrial Commission for disposition in accordance with this opinion.

Reversed.