JAMES O. PENNINGTON, Employee, Plaintiff Appellant v. FLAME REFRACTORIES, INC., Employer, and GENERAL ACCIDENT GROUP, Carrier, Defendant Appellees

No. 8010IC745

(Filed 1 September 1981)

**Master and Servant § 77.2— workers' compensation—review of award for change of condition—timeliness of application**

Claimant's application for review of his workers' compensation award on the ground of a change of condition was made within the two-year limitation of G.S. 97-47 where the evidence tended to show that claimant last received compensation for an employment-related injury on 13 April 1976; he required further surgery on 1 November 1977; his wife immediately advised defendant carrier that this surgery was related to the injury; on 30 January 1978 claimant's wife telephoned the Industrial Commission and talked with a Commission employee who advised her to write the Commission about her husband's claim; claimant's wife typed and mailed a letter to the Commission, sufficiently addressed, dated 31 January 1978 but such letter was not received by the Commission; evidence supported a reasonable inference of nondelay in mailing the letter; and there is a presumption that mail, with postage prepaid and correctly addressed, will be received.

APPEAL by plaintiff (claimant) from opinion and award of the North Carolina Industrial Commission, by Commissioner William H. Stephenson (adopting the opinion and award of the Hearing Commissioner, Deputy Commissioner Ben E. Roney, Jr.) filed 25 April 1980. Heard in the Court of Appeals 2 March 1981.

Claimant appeals from a denial of review of his worker's compensation award.

*Hutchins, Tyndall, Bell, Davis & Pitt, by Richard Tyndall, for plaintiff appellant.*

*Young, Moore, Henderson & Alvis, by John E. Aldridge, Jr., and William F. Lipscomb, for defendant-employer and defendant-carrier, appellees.*

WHICHARD, Judge.

G.S. 97-47 provides that "upon the application of any party in interest on the grounds of a change in condition," the Industrial Commission may review any award of workers' compensation and, *inter alia*, increase the award. This review must occur, however, within two years from the last payment under the original award. The issue here is whether claimant made timely "application" for review of his award. We hold that he did.

Claimant received compensation for an employment-related back injury from 14 January 1976 through 13 April 1976. On 1 November 1977 he had surgery for removal of portions of two discs. His wife immediately advised defendant-carrier that this surgery was related to the injury. Telephone conversations and correspondence with defendant-carrier ensued, but did not lead to further compensation or to "any satisfaction . . . as to what was going to happen."

On 30 January 1978 claimant's wife telephoned the Industrial Commission. She advised an employee that claimant was not getting compensation and asked the employee for help. She told the employee she "wanted her to do whatever had to be done to get [defendant-carrier] to take back up the compensation." The employee told her to write a letter regarding their conversation and promised that she "would help [her]." Claimant's wife prepared the requested letter for claimant's signature "sometime around the time when the phone call was made." Her file copy was dated 31 January 1978. She "put [the letter] in the envelope and put it in the mail box for the postman to pick . . . up." The letter was not returned to her. The record does not establish its receipt by the commission.

On 13 February 1978 counsel retained by claimant advised defendant-carrier of his representation. Defendant-carrier advised counsel on 17 February 1978 of receipt of his letter. On or about 13 April 1978 the two year period from receipt of claimant's last compensation payment expired. Claimant's counsel was advised by letter from defendant-carrier dated 9 June 1978 that "the statute of limitations ha[d] expired" on review of the claim.

The commission, by adoption of the opinion and award of the hearing commissioner, made the following finding of fact:

[Claimant's wife] called the Industrial Commission at 919, 733-5020 and talked to [a Commission employee] about the circumstances of claimant's most recent hospitalization. [The employee] advised [claimant's wife] to correspond with the Commission in writing about the circumstances of her husband's claim. This conversation took place on 30 January 1978. [Claimant's wife] typed a one-page letter dated 31 January 1978 directed to the Industrial Commission for her husband's signature. The address on the letter, while not cor-

rect in all respects, contained more than sufficient information for it to be delivered to the Industrial Commission. The letter was on a date uncertain placed in the custody of the United States Postal Service in a properly addressed envelope.

This finding is supported by competent evidence and is conclusive on appeal. *Hollman v. City of Raleigh,* 273 N.C. 240, 159 S.E. 2d 874 (1968). The commission also found as a fact the following: "Claimant did not on this record timely file with the Commission application to review the 12 March 1976 Award." While denominated a finding of fact, this is in reality a conclusion of law. "A conclusion of law is made no less reviewable by virtue of the fact that it is denominated a finding of fact." *Walston v. Burlington Industries,* 49 N.C. App. 301, 307, 271 S.E. 2d 516, 520 (1980). "[C]onclusions of law entered by the Commission are not binding on this Court, and are reviewable here for purposes of determining their evidentiary basis and the reasonableness of the legal inferences made therefrom." *Id.*

The conclusive finding quoted establishes that on 30 January 1978 claimant's wife talked to a commission employee; that the employee advised her to write the commission about her husband's claim; and that claimant's wife typed and mailed a letter to the commission, sufficiently addressed, dated 31 January 1978. "There is a presumption that mail, with postage prepaid and correctly addressed, will be received." *State v. Teasley,* 9 N.C. App. 477, 486, 176 S.E. 2d 838, 844 *cert. denied,* 277 N.C. 459, 177 S.E. 2d 900 (1970) (citing *Petroleum Corp. v. Oil Co.,* 255 N.C. 167, 120 S.E. 2d 594 (1961)). Evidence that a letter was mailed permits an inference that it "was in a mailable condition, properly addressed . . . , and stamped." *Mill Co. v. Webb,* 164 N.C. 87, 90, 80 S.E. 232, 234 (1913). While the commission correctly found the letter was mailed "on a date uncertain," there being no evidence of the precise mailing date, the evidence permits the inference that it was mailed in close proximity to 31 January 1978, the date it was prepared.

Testimony by claimant's attorney indicates that he first discussed the claim with claimant's wife in February 1978; that she sent him copies of "what she deemed to be pertinent" from her file; that a copy of the 31 January 1978 letter was in these

materials; and that this copy was in his "file dated February 1978." It is unreasonable to infer that claimant's wife mailed the copy to claimant's attorney without having mailed the original to the commission. Because all the evidence indicates claimant and his wife were striving to secure benefits as soon as possible, it is unreasonable to infer that claimant's wife delayed at all in mailing the letter; and it is especially unreasonable to infer that she delayed mailing it until it would not have been received in due course of the mail by 13 April 1978, the date the two year limitation expired. The reasonable inference of nondelay in mailing the letter, together with the presumption of delivery in due course of the mail, supports a conclusion that claimant timely did all G.S. 97-47 required to secure review of his claim.

Defendants rely on the following from *Supply Co. v. Motor Lodge:*

> The stipulation [that a notice was mailed] established *prima facie* that the notice was received . . . in regular course of mail. *Trust Co. v. Bank*, 166 N.C. 122, 81 S.E. 1074; *Bragaw v. Supreme Lodge*, 124 N.C. 154, 32 S.E. 544. However, no presumption as to *time* of receipt of the notice arose absent proof of (1) where and when it was mailed, and (2) frequency or usual course and time of the mails between the mailing place and place of purported receipt of letter.

277 N.C. 312, 321, 177 S.E. 2d 392, 397 (1970) (emphasis in original). The portion of that opinion containing this statement commences "[a]ssuming, without deciding"; thus, the statement is clearly *dictum. Id.,* at 320, 177 S.E. 2d at 397. Further, we believe the requirements are satisfied. As to the first, the reasonable inference from the evidence is that the letter was mailed from claimant's residence in Maryland in close proximity to its preparation on 31 January 1978. As to the second, courts take judicial notice of subjects and facts of common and general knowledge. *Smith v. Kinston,* 249 N.C. 160, 105 S.E. 2d 648 (1958). It is common and general knowledge that in due course of the mail a letter mailed in Maryland, on or about 31 January 1978, would reach Raleigh, North Carolina, prior to 13 April 1978, the date on which the limitation expired.

This two year limitation is not jurisdictional. It merely provides a defense (formerly a plea in bar) which the employer may

assert. *Watkins v. Motor Lines*, 279 N.C. 132, 181 S.E. 2d 588 (1971); *Ammons v. Sneeden's Sons, Inc.*, 257 N.C. 785, 127 S.E. 2d 575 (1962). Its purpose is "to protect the employer against claims too old to be successfully investigated and defended." 3 Larson, Workmen's Compensation Law § 78.20 at 15-28 (1976). Here, claimant notified the carrier immediately regarding his surgery. Claimant testified that the carrier was notified "at that time." Hence, the carrier had immediate notice of the claim, and the purpose of the limitation is not circumvented by the conclusion that claimant timely filed his application.

The worker's compensation act should be liberally construed to effectuate its purpose to provide compensation for injured employees or their dependents; and its benefits should not be denied by a technical, narrow, and strict construction. *Hinson v. Creech*, 286 N.C. 156, 209 S.E. 2d 471 (1974); *Stevenson v. City of Durham*, 281 N.C. 300, 188 S.E. 2d 281 (1972); *Britt v. Construction Co.*, 35 N.C. App. 23, 240 S.E. 2d 479 (1978). "The primary consideration is compensation for injured employees." *Barbour v. State Hospital*, 213 N.C. 515, 518, 196 S.E. 812, 814 (1938). To eschew those reasonable inferences prerequisite to the conclusion that claimant made timely application for review of his award would result in the miserly construction of the act proscribed by this principle.

The opinion and award of the Industrial Commission is reversed. The cause is remanded for findings of fact and determination whether claimant, having timely filed application for review, is entitled to modification, on grounds of a change in condition, of his prior award.

Reversed and remanded.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.