Defendant filed notice of appeal, on October 26, 1995, the first appearance by counsel for defendant in the matter. It was followed with a Motion to the Full Commission for a new hearing, supported by an affidavit of Loretta Owens, "the owner of Peggy's Restaurant", verifying her letter of May 5, 1995 (received at the Commission May 9, 1995), and reiterating its contention that she had "never received notice of the hearing [before the Deputy Commissioner on April 4, 1995] either in writing or in any other form, prior to the date of said hearing." The letter also indicates that defendant contends that no accident occurred — that plaintiff was "standing in front of the sink when all of the sudden she made the comment that she had popped her knee out of joint" — and suggesting that she would present, at any new hearing, co-employees to testify that plaintiff did not slip on water. The letter also indicates that, prior to the hearing on April 4, 1995, she had been receiving plaintiff's medical bills, was aware that Mr. Cerwin had been retained to bring the claim, and states that she (Ms. Owens) had attempted to contact Mr. Cerwin concerning preparation of a Pre-trial Agreement. She states that she had an appointment with an attorney on the afternoon of April 4, who told her then that the case had been heard that morning. This May 5, 1995 letter was sent in response to the Deputy Commissioner's post-hearing Order allowing submission of additional medical evidence, filed April 11, 1995.
The Commission has not received a Form 44 or brief raising other exceptions.
Defendant's correspondence to the Deputy Commissioner did not specifically ask for a new hearing — it was couched in terms of wanting to "explain my side of this matter" — and the Deputy Commissioner did not specifically address that or the allegation that defendant did not receive notice of the hearing. However, the letterhead on defendant's May 5, 1995 letter bore the same address that the Commission had used since the file was open.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence, or rehear the parties or their representatives, the Full Commission MODIFIES and AFFIRMS the Opinion and Award of the Deputy Commissioner as follows:
Based upon all of the competent evidence adduced at the hearing, the Full Commission makes the following
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a twenty-two year old woman. Plaintiff began her employment with defendant prior to January 1994 as a part-time dishwasher. Beginning 1 January 1994, plaintiff became a full-time employee of defendant, working as a waitress and a dishwasher. Plaintiff usually worked from 5:00 a.m. until 2:30 p.m. On January 31, 1994, the defendant had six employees, including the plaintiff, and was subject to the North Carolina Workers' Compensation Act. However, defendant failed to insure its liability under the Act as required by N.C. Gen. Stat. § 97-93, as shown by the records of the Commission and the N.C. Rate Bureau, of which notice is hereby taken.
2. On 31 January 1994, at approximately 6:30 a.m., plaintiff was performing her usual duties as a dishwasher. While walking toward the steam table in defendant's kitchen, plaintiff slipped and fell due to water on the floor. As a result of her fall, plaintiff's left patella was dislocated and she was unable to stand or place weight on her left leg without assistance. Plaintiff immediately reported this incident to Loretta Owens, the owner of defendant Peggy's Restaurant.
3. As a result of the dislocation of her patella, plaintiff was unable to continue her duties as a waitress. However, with the assistance of her co-employees and by leaning against the sink, plaintiff was able to continue washing dishes until approximately 12:00 noon when she left work and went to her home.
4. Later that afternoon, plaintiff presented to the Cleveland Memorial Hospital emergency room complaining of knee pain resulting from a fall at work. Plaintiff's knee was x-rayed and immobilized and she was prescribed pain and anti-inflammatory medications. Thereafter, on 28 February 1994, plaintiff's treatment was assumed by Dr. William V. Stucky. Dr. Stucky treated plaintiff conservatively and referred her to physical therapy at Cleveland County Physical Therapy.
5. On or about 27 March 1994, plaintiff was capable of resuming her former duties for the defendant, as she testified, and attempted to return to work for defendant. However, defendant's owner, Loretta Owens, declined to allow plaintiff to return to work because she had hired another individual to fill plaintiff's position.
6. As a result of the incident on 31 January 1994, plaintiff was incapable of earning wages with defendant or any other employer from 1 February 1994 through 27 February 1994. There is no testimony or physician's statement in the record that the plaintiff was not capable of working or unable to earn wages comparable to her pre-injury wages after that date. On the day of the hearing before the Deputy Commissioner, plaintiff had been laid off a week and a half before after four months of employment at Wicks in Gastonia, where she had been a "spare hand" doing "everything".
7. On 31 January 1994, plaintiff's average weekly wage was $130.13, which yields a compensation rate of $86.75.
8. The treatment provided by Cleveland Memorial Hospital, Cleveland County Physical Therapy, and Dr. William V. Stucky tended to effect a cure, give relief or to lessen plaintiff's period of disability.
9. On 31 January 1994, defendant regularly employed three or more employees.
10. The evidence of record is insufficient to prove by its greater weight that plaintiff has reached maximum medical improvement by the date of the hearing before the Deputy Commissioner.
* * * * * * * *
Based upon the foregoing findings of fact the Full Commission makes the following
CONCLUSIONS OF LAW
1. On 31 January 1994, defendant employed three or more employees. N.C. Gen. Stat. § 97-2(1).
2. On that date, defendant was subject to and bound by the provisions of the North Carolina Workers' Compensation Act, but had failed to secure the payment of compensation to its employees. N.C. Gen. Stat. §§ 97-9; 97-93; 8C-1, Rule 201.
3. On that date, an employment relationship existed between plaintiff and defendant. N.C. Gen. Stat. § 97-2(1).
4. On 31 January 1994, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant. N.C. Gen. Stat. § 97-2(6).
5. Plaintiff is entitled to payment of temporary total disability compensation at the rate of $86.75 per week from 1 February 1994 through 27 March 1994. N.C. Gen. Stat. § 97-29.
6. Plaintiff is entitled to payment of all medical compensation expenses incurred, or to be incurred, as a result of her injury on 31 January 1994 for so long as such examinations, evaluations and treatments tend to effect a cure, give relief, or lessen plaintiff's period of disability. N.C. Gen. Stat. §§ 97-25;97-2(19).
7. Plaintiff is entitled to payment of all medical expenses she incurred with Cleveland Memorial Hospital, Cleveland County Physical Therapy, and Dr. William V. Stucky as a result of her 31 January 1994 injury. N.C. Gen. Stat. § 97-25.
* * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay plaintiff temporary total disability compensation at the rate of $86.75 per week from 1 February 1994 through 27 March 1994. This amount shall be paid in a lump sum, subject to the attorney's fee approved in paragraph 4.
2. Defendant shall pay all medical compensation expenses incurred, or to be incurred, by plaintiff as a result of her injury on 31 January 1994 for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen plaintiff's period of disability, when the bills for same have been submitted to the employer and approved by the Commission.
3. Defendant shall pay all medical expenses incurred by plaintiff with Cleveland Memorial Hospital, Cleveland County Physical Therapy and Dr. William V. Stucky as a result of her 31 January 1994 injury.
4. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under paragraph 1 of this award is approved for plaintiff's attorney, and shall be deducted from the lump sum awarded plaintiff and paid directly to plaintiff's attorney.
5. Defendant shall pay the costs due this Commission.
Defendant's motion for a new hearing is DENIED. I.C. Rule 701(7); Pennington v. Flame Refractories, Inc., 53 N.C. App. 584,587, 281 S.E.2d 463 (1981).
TAKE NOTICE that an appeal from this decision by the non-insured employer shall not act as a supersedeas, and the plaintiff shall have the same right to issue execution or satisfy the Award from property of the employer pending the appeal as obtains to the successful party in an action in the Superior Court. N.C. Gen. Stat. § 97-86.
 S/ ________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _____________________ LAURA K. MAVRETIC COMMISSIONER
S/ _____________________ THOMAS J. BOLCH COMMISSIONER
JRW:md 4/10/97