MODEL MILL COMPANY ET AL. v. D. H. WEBB ET AL.

(Filed 10 December, 1913.)

Banks and Banking—Correspondent Bank—Bills and Notes—Trials —Payment—Mail—Evidence.

Evidence that a letter has been mailed is some evidence that it was properly addressed, stamped, and received by the addressee; and where there is evidence that the drawer of a draft

deposited it in his bank, which mailed it to its correspondent bank at a different town; that it was paid to some one by.the drawee; it is sufficient to sustain a verdict of the jury in favor of the drawer in an action brought by him against the correspondent bank for collecting the money and failing to remit.

APPEAL by defendant, American National Bank, from *Adams, J.,* at April Term, 1913, of BUNCOMBE.

Plaintiff.Model Mill Company, of Johnson City, Tenn., had sold and shipped goods to the defendant D. H. Webb, at Asheville, N. C., drew a draft on him for the price ($62.78) with bill of lading attached, and placed it with the National City Bank of Johnson City for collection. The draft and bill of lading were mailed by that bank to the defendant American National Bank of Asheville for collection. There was evidence that the latter bank did not receive the letter nor collect it. The draft was paid by defendant Webb, but he did not know to whom. He received the bill of lading and got the goods and admitted that he owed the Model Mill Company for them, but stated that he had paid the debt. The court charged that if Webb paid the money to the American National Bank, which held the draft, it was, in law, a payment to the plaintiff Mill Company and discharged defendant Webb; but if to any one else, not authorized to receive the money, it was not a payment by him to the Mill Company, and he would still be liable to it. The court left the question of payment to the defendant bank to the jury, instructing them to consider all the evidence and find as to the fact. The jury returned a verdict that Webb had paid the money to the bank, under the charge, by answering the first issue as to the indebtedness of Webb to the Mill Company "No," and the second issue, as to the indebtedness of the defendant bank, "$62.78."

Judgment for plaintiff, and appeal by defendant.

*W. R. Whitson for plaintiff.*
*J. T. Merrimon for American National Bank, appellant.*

WALKER, J., after stating the case: The only question is,. Was there any evidence to support the charge and the verdict?

The City National Bank, it appears, mailed the letter with the draft and bill of lading to the defendant bank. This was evidence of its receipt by the latter, and raised a rebuttable presumption of the fact to be submitted to the jury, along with any evidence in the case tending to show that it was or was not in fact received. This is said to be founded upon another presumption, that officers of the Postoffice Department will do their duty, or upon the better reason, the regularity and certainty with which, according to common experience, the mail is carried. It is, at least, evidence from which the jury may reasonably infer the fact that the mail matter was received in due course of transmission and delivery. 16 Cyc., 1065; *Bragaw v. Supreme Lodge,* 124 N. C., 154; *Coile v. Order of Commercial Travelers,* 161 N. C., 104; *Hollowell v. Insurance Co.,* 126 N. C., 398; *Huntley v. Whittier,* 105 Mass., 391; *Starr v. Torrey,* 22 N. J. L., 190; *Austin v. Howard,* 69 N. Y., 571; *Howard v. Daly, ibid.,* 362; *Dana v. Kemble,* 19 Pick., 112. This kind of remittance is according to the universal custom of banks in collecting drafts or other commercial papers. Farther or more certain proof of the receipt by the bank of the letter than is derived from the fact that it was properly mailed would be wholly unnecessary, always difficult, and often impossible, as suggested by *Chief Justice Ames,* for the Court, in *Russell v. Buckley,* 4 R. I., 525 (70 Am. Dec., 167). If the law generally requires the best proof of which the particular fact in issue is susceptible, this is the best possible under the circumstances of this case. It is not conclusive. The contrary may be shown or may be inferred from all the testimony, but it is some evidence of the fact. "The burden of proving its receipt remains throughout upon the party who asserts it." *Huntley v. Whittier, supra.* Such a remittance, as is said in *Hollowell v. Insurance Co., supra,* is at the risk of the remitting bank, and if the letter was not actually received, the bank addressed is not liable. But this is not that question, but one merely of proof as to the receipt of the draft.

But defendant contends that there is no evidence that the letter inclosing the draft and bill of lading was properly ad-

dressed and stamped and deposited in the mails for transmission. The testimony is that the clerk in the Johnson City Bank "mailed the letter to the American National Bank of Asheville," and "it was forwarded by the (former) bank to the American National Bank of Asheville." These are the expressions used by the witness Samuel T. Millard. When a person says that he "mailed" a letter to another, it is commonly understood that the letter was in a mailable condition, properly addressed to that other, and stamped. We would not speak of a blank envelope deposited in the postoffice, neither stamped nor addressed, as having been mailed; and when the witness said the letter was mailed to defendant bank, the jury could, at least, infer that he meant it was addressed and stamped and deposited in the postoffice as is usual, that is, in the ordinary way. *U. S. v. Rapp,* 30 Fed. Rep., 818. At page 822 will be found the expression, "This letter was mailed precisely like other letters," and the word "mailed" is several times used by the Court in the sense we have given to it. Matter, in order to be mailable, must be stamped and addressed; otherwise, it will not be transmitted. 2 U. S. Compiled Statutes, p. 2663, sec. 3896. Besides, defendant D. H. Webb testified that he lived in Asheville, N. C., and paid the draft and got the bill of lading; that he did not pay the Model Mill Company, but paid some one. The letter inclosing the draft and bill of lading must have been transmitted to Asheville, which is some evidence that it was stamped. It was not addressed to Webb, because he paid the draft to some one else, who had it. The bank at Asheville is the only other person or corporation at Asheville connected with the transaction by the evidence. The jury could draw these conclusions, and from them make the further deduction that the bank collected the draft.

The charge of the learned judge was clear and explicit, and submitted the question fairly to the jury. There was strong evidence that the defendant bank did not receive the paper or handle it, but that it was really addressed to the defendant D. H. Webb by mistake, and that he used the bill of lading attached to get the goods from the railroad company, as he

could not say to whom he had paid the draft. But the jury, unfortunately for the defendant bank, have decided otherwise, and we cannot revise their verdict. It may be a hard case, and if justice has miscarried, we can do nothing more than regret it. On the other side, it may be said that a most able and enlightened judge, profoundly imbued with a strong sense of justice and right, has heard the witnesses and seen the actual occurrences of the trial, and is, therefore, far more competent to judge of the correctness of the verdict than we are. We should, therefore, hesitate to disturb it, even if we had the power, but rather defer to his better judgment.

No error.