R. W. MAYO, Plaintiff v. AMERICAN FIRE AND CASUALTY COM-PANY, Original Defendant, and MAX G. CREECH, Additional Party Defendant

No. 67

(Filed 13 December 1972)

1. Insurance § 2— insurance agent — duty to use reasonable diligence

If an insurance agent or broker undertakes to procure for another insurance against a designated risk, the law imposes upon him the duty to use reasonable diligence to procure such insurance and holds him liable to the proposed insured for loss proximately caused by his negligent failure to do so.

2. Insurance § 2— procurement of insurance — liability of agent to insured

If an agent or broker, in fact, procured the contemplated insurance coverage from a competent, solvent insurer, so that it was in effect at the time of the casualty against which the proposed insured sought coverage, he has performed his undertaking and is not liable to the insured thereon.

3. Insurance § 4— binder as oral or written communication

A valid binder for fire insurance coverage may be oral or written, and no specific form or provision is necessary to render a memorandum or an oral communication intended as a binder a valid contract of insurance.

4. Insurance § 4— binder — inclusion of statutory standard fire policy

The provisions of the statutory standard fire insurance policy are read into a binder, whether oral or written. G.S. 58-177.

Mayo v. Casualty Co.

5. Insurance § 4— binder — extension of credit to insured for premium

An extension of credit to the insured for the premium does not destroy the validity of the binder.

6. Insurance § 4— valid oral binder — necessity for written memorandum

Where the insured and the agent contemplated coverage effective immediately upon the making of the oral agreement, it is immaterial that they also contemplated a subsequent delivery of a written memorandum which did not occur until after the loss.

7. Appeal and Error § 57— findings of fact supported by evidence — conclusiveness on appeal

In an action to recover on a fire insurance policy, the trial court's finding that defendant agent, having been requested by the plaintiff to insure his building and its contents in specified amounts, advised plaintiff that the property was insured with defendant company was fully supported by the evidence and was binding on appeal.

8. Appeal and Error § 57— error in conclusions of law

Findings of fact by the trial court would compel the conclusion that defendant agent, on behalf of defendant company, entered into a valid binder affording plaintiff the insurance coverage which plaintiff requested and the agent undertook to obtain, but would not support the conclusions of the trial court to the effect that the agent did not bind the company to a contract of fire insurance but negligently failed to procure such coverage.

9. Insurance §§ 2, 4— issuance of binder by agent — failure to give notice to company

The agency agreement between defendant agent and defendant insurance company did not make the sending of notice of commitment of liability to the company a condition precedent to the company's liability upon a binder, but merely provided for recourse by the company upon defendant agent if, due to his negligent failure to notify the company, it sustained a loss.

10. Principal and Agent § 5— undisclosed limitations on agent's authority — failure to bind third party

Undisclosed, private limitations upon the authority of an agent do not bind a third party who, being unaware of them, contracts with the agent within the customary scope of such agent's authority.

11. Appeal and Error § 63— error in conclusions of law — judgment reversed

In an action to recover on a fire insurance policy where the trial court made findings as to all material facts and such findings were supported by competent evidence, error made in conclusions of law based thereon would not require a new trial but would require only a reversal of the judgment insofar as it imposed liability upon defendant agent.

ON *certiorari* to the Court of Appeals to review its decision, reported in 15 N.C. App. 309, 190 S.E. 2d 398, granting a new trial upon appeal to it by the additional defendant, Creech, from *Brewer, J.,* at the 10 January 1972 Session of JOHNSTON.

The plaintiff instituted this action against the American Fire and Casualty Company, hereinafter called American, to recover upon an alleged binder insuring him against loss by fire of a building and its contents. American having filed answer denying liability, he filed an amended complaint and made Creech an additional defendant. The amended complaint alleges in substance:

On 20 May 1969 Creech was the agent of American, authorized to write fire insurance and policies and binders. On that date, upon plaintiff's request to write a binder insuring the plaintiff against loss by fire of his building and its contents, in the amounts of $4,000 and $1,500, respectively, Creech advised the plaintiff that the property was so insured by American and that the binder had been issued. On 28 May 1969 the building and its contents were completely destroyed by fire. American denied that any such policy of insurance was issued and advised the plaintiff that Creech neglected or failed to write and issue such binder. For such negligence American and Creech are jointly liable to the plaintiff. Creech, acting as agent for American, contracted with the plaintiff to issue such binder, and such contract was completed. The defendants are bound by such binder and are jointly and severally liable to the plaintiff in the amount of his loss "by virtue of this agreement."

American filed answer denying the sufficiency of the amended complaint to state a cause of action against it, denying all the material allegations of the amended complaint, and asserting that Creech had no authority to issue any contract of insurance or any binder on behalf of American insuring the plaintiff's property. American also alleged a cross claim against Creech for indemnity against loss by virtue of any recovery from it by the plaintiff.

Creech filed answer denying the sufficiency of the amended complaint to state a cause of action against him, alleging that Creech was the agent of American and authorized to issue binders on its behalf, that he was requested by the plaintiff to issue the binder referred to in the complaint, that he did issue such

binder on behalf of American, that he so notified the plaintiff and if the plaintiff is entitled to recover of anyone, he is entitled to recover of American and not of Creech. Answering the cross claim of American, Creech alleged its cross claim failed to state a cause of action against him, that he was authorized by American to issue a binder on its behalf to the plaintiff, and that if he was negligent in any manner, such negligence was not the proximate cause of any loss to American.

By consent, the matter was tried without a jury. The following facts, summarized, were stipulated:

Creech is an insurance broker, representing both the insurers and insureds. Creech and American entered into an agency contract, a copy of which was attached to the stipulation. On 20 May 1969 the plaintiff requested Creech to obtain immediately a fire insurance policy insuring the building in the amount of $4,000 and its contents in the amount of $1,500. Creech advised the plaintiff that the property was so insured, and prepared certain written notes, a copy of which was attached to the stipulation. On 28 May 1969 the building and contents were damaged by fire, the extent of the damage being $3,500 to the building and $1,500 to the contents.

The agency agreement, so stipulated, granted Creech authority to issue policies and binders. It further provided: "Notice of any commitment of liability by the Agent shall be sent to the Company on or before the date on which the insurance is effective. All binders or policies shall be in accordance with the manuals and written or printed instructions of the Company now or hereafter furnished to the Agent. * * * The Agent shall be liable for any loss sustained by the Company from any negligent delay in complying with the provisions of this paragraph."

Neither defendant offered any evidence. Creech testified as an adverse witness for the plaintiff. The plaintiff testified to the following effect:

He was the owner of the building and its contents. On 20 May 1969 he went to the office of Creech, who had been handling his insurance for several years. Creech told the plaintiff he could insure the building and its contents and issue a binder but would have to ascertain the rating before the policy itself could be issued. Creech told the plaintiff that he was

insured as of that date in the amount of $4,000 on the building and $1,500 on the contents. His best recollection is that Creech told him the property would be insured with American. Thereafter, prior to the fire, Creech confirmed that the property was insured. When the plaintiff called to notify Creech of the loss, Mrs. Barbour, secretary to Creech, advised the plaintiff that he was covered through a binder. Creech billed the plaintiff for the premium and the plaintiff paid it.

Creech, called as a witness by the plaintiff, testified to the following effect:

The stipulated agency agreement was in effect on 20 May 1969. Under that contract, as agent for American, Creech then undertook to insure the plaintiff's property. The plaintiff was to pay the premium on an open account and payment was not a condition precedent to the issuance of the insurance. During the conversation, Creech made appropriate notes so that the customary written documents could be prepared. After the plaintiff left his office, Creech instructed his secretary to obtain a rating from the Rating Bureau and to prepare and issue a binder. She made notes of these instructions.

The day after the fire, the plaintiff telephoned Creech to inquire as to whether the insurance coverage was in effect. Creech told him that it was. Thereafter, Creech's secretary advised him that she had requested a rating from the Rating Bureau but had forgotten to issue the binder. Creech immediately communicated with the special agent of American. This was his first communication with American concerning this coverage. Rule 4 of the Rules and Regulations of the North Carolina Fire Insurance Rating Bureau provides that, in preparing written binders, one copy should be sent to the Bureau, one to the Company and one to the insured, and a fourth copy retained for the agent's file.

In the conversation on 20 May 1969, Creech told the plaintiff that he was insured as of that date, that Creech would place the insurance with American and would send a binder to the plaintiff by mail, but would have to get a rating from the Rating Bureau before he could tell the plaintiff what the premium would be. Getting a rating from the Rating Bureau is not a prerequisite to entering into a contract of insurance. Creech did not receive the rating from the Rating Bureau prior to the fire. He had never been instructed by American not to enter into

oral contracts of insurance. After the loss, Creech prepared a binder showing that the rate was to be promulgated by the Rating Bureau and showing the effective date of the binder as 20 May 1969. This written binder, having been issued more than 30 days after its stated effective date, was a mere memorandum showing what binder Creech intended to write on 20 May 1969.

Mrs. Barbour, Creech's secretary, testified that, while the plaintiff was in Creech's office on 20 May 1969, Creech instructed her that "We are going to insure the building for Mr. Mayo for $4,000 and $1,500 on the contents and that it would be insured with American Casualty, and that we had to ask the Bureau to promulgate the rate, and I had to issue a binder on it." She was told that the insurance was to be effective on that date, 20 May 1969. The written binder was not issued because she forgot to do so.

Judge Brewer entered a judgment containing findings of fact and conclusions of law as here summarized:

### FINDINGS OF FACT

1. Under the terms of the agency contract, Creech's authority to bind American required notice of any commitment of liability by the agent to be sent to the company on or before the date on which the insurance was to be effective.

2. On 20 May 1969 the plaintiff, a client of Creech, requested Creech to insure the building in the amount of $4,000 and its contents in the amount of $1,500. Creech advised the plaintiff that such property "was now insured and that such insurance would be with the American Fire and Casualty Company," and that Creech would prepare a written binder of insurance with American and would mail a copy thereof to the plaintiff.

3. On 20 May 1969 Creech instructed his secretary to prepare such written binder.

4. On 20 May 1969 it was the intention of Creech to insure the property with American through a written binder in order to provide American with proper notice of the risk.

5. On 28 May 1969 the plaintiff's property was damaged by fire in the amount of $3,500 to the building and $1,500 to the contents. At the time of this fire, Creech's secretary had for-

gotten and neglected to prepare and issue the written binder, as directed by Creech, and there was no binder of insurance insuring such property with American.

6. Creech first notified American of the proposed contract after the fire.

### CONCLUSIONS OF LAW

1. Creech agreed to procure fire insurance coverage for the plaintiff, effective 20 May 1969, as alleged in the complaint.

2. Creech negligently failed to procure such insurance.

3. Creech failed to give American timely notice of his intention to bind American to such fire insurance coverage.

4. Creech did not bind American to a contract of fire insurance coverage on behalf of the plaintiff.

5. The plaintiff is entitled to recover of Creech the sum of $5,000.

6. The costs of the action should be taxed against Creech.

Pursuant to these findings and conclusions, the superior court adjudged that the plaintiff have and recover of Creech $5,000, together with the costs of the action, and that the plaintiff have and recover nothing of American, as to whom the action was dismissed.

Creech excepted and gave timely notice of appeal to the Court of Appeals. The plaintiff did not except to the judgment or appeal therefrom.

Creech assigned as error: (1) The signing of the judgment for that the findings of fact do not support the judgment and the conclusions of law are contrary to the findings of fact, and are unwarranted and erroneous; and (2) the findings of fact do not support the judgment for that the court found Creech and American entered into an agency contract but did not include in the finding the terms thereof as to Creech's authority to bind American.

The Court of Appeals held the judgment of the superior court is a final adjudication as between the plaintiff and American. It further held the superior court's conclusion that Creech did not bind American to a contract of insurance with the plaintiff is based upon the finding that Creech did not notify Ameri-

can of any commitment of liability as he was required to do under his agency contract. The Court of Appeals being of the opinion that this finding does not support the conclusion, a new trial was ordered. The Court of Appeals directed: "If, on the next trial, the trial judge determines that [Creech] had authority to bind [American] by an oral contract, he will then determine whether, for valid consideration, appellant orally agreed on behalf of the company to provide insurance for plaintiff until a more formal written binder or policy could be issued; and whether the content of the oral agreement was sufficient to constitute a valid binder."

*Robert A. Spence for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay by Ronald C. Dilthey, for American Fire and Casualty Company.*

*James A. Wellons, Jr., for defendant appellant Creech.*

LAKE, Justice.

[1] The plaintiff's alleged cause of action against Creech is for damages caused by Creech's negligence in failing to procure, for the benefit of the plaintiff, insurance coverage which Creech undertook to procure. It is well established in this State that, if an insurance agent or broker undertakes to procure for another insurance against a designated risk, the law imposes upon him the duty to use reasonable diligence to procure such insurance and holds him liable to the proposed insured for loss proximately caused by his negligent failure to do so. *Wiles v. Mullinax* (second appeal), 270 N.C. 661, 155 S.E. 2d 246; *Wiles v. Mullinax* (first appeal), 267 N.C. 392, 148 S.E. 2d 229; *Bank v. Bryan,* 240 N.C. 610, 83 S.E. 2d 485; *Meiselman v. Wicker,* 224 N.C. 417, 30 S.E. 2d 317; *Case v. Ewbanks,* 194 N.C. 775, 140 S.E. 709; *Elam v. Realty Co.,* 182 N.C. 599, 109 S.E. 632; 18 A.L.R. 1210. See also: 43 Am. Jur. 2d, Insurance, § 174; Annot., 29 A.L.R. 2d 171, 175.

[2] Conversely, if the agent or broker, in fact, procured the contemplated insurance coverage from a competent, solvent insurer, so that it was in effect at the time of the casualty against which the proposed insured sought coverage, he has performed his undertaking and is not liable to the insured thereon. *Wiles v. Mullinax* (third appeal), 275 N.C. 473, 168 S.E. 2d 366; *Case v. Ewbanks, supra; Milwaukee Bedding Co. v. Graebner,* 182 Wis. 171, 196 N.W. 533. In the latter event, nothing else appearing,

the agent or broker is not a party to the contract of insurance and is not liable thereon, irrespective of any default in the performance thereof by the insurer and irrespective of the insured's lack of success in an action against such defaulting insurer. Creech contends that he is not liable to the plaintiff in this action for the reason that he, as agent for American and on its behalf, entered into a binder agreement with the plaintiff, which was in effect at the time of the fire and afforded the plaintiff the insurance coverage which Creech undertook to provide.

[3-6] A valid binder for fire insurance coverage may be oral or written. G.S. 58-177; *Moore v. Electric Co.*, 264 N.C. 667, 142 S.E. 2d 659; *Lea v. Insurance Co.*, 168 N.C. 478, 84 S.E. 813. No specific form, or provision, is necessary to constitute a memorandum, or an oral communication, intended as a binder, a valid contract of insurance. *Wiles v. Mullinax* (second appeal), *supra*. It is not required that the writing, or oral communication, set forth all the terms of the contemplated contract of insurance. *Distributing Corp. v. Indemnity Co.*, 224 N.C. 370, 30 S.E. 2d 377. The provisions of the statutory standard fire insurance policy are read into a binder, whether oral or written. G.S. 58-177; *Wiles v. Mullinax* (second appeal), *supra; Lea v. Insurance Co., supra*. An extension of credit to the insured for the premium does not destroy the validity of the binder. *Lea v. Insurance Co., supra;* Couch on Insurance, 2d Ed, § 14:29. Where the insured and the agent contemplated coverage effective immediately upon the making of the oral agreement, it is immaterial that they also contemplated a subsequent delivery of a written memorandum which did not occur until after the loss. See, *Wiles v. Mullinax* (second appeal), *supra.*

In *Milwaukee Bedding Co. v. Graebner, supra,* the facts were similar to those in the present case, except that there the agent handed to the contemplated insured a copy of her written notes concerning the terms of the policy which she was to prepare and deliver. The Supreme Court of Wisconsin said:

> "It is a general rule that, where an application for insurance is made to an agent who represents several companies, no contract of insurance is engendered between the insured and any particular company until such company is designated by the agent. But, where the company is selected by the agent, and in some manner designated as the company in which the insurance is to be written, a binding contract results. In such case the agent becomes the

agent of the insured for the purpose of selecting the company." (Citations omitted throughout.)

[7]    In the present case the superior court found as a fact that Creech, having been requested by the plaintiff to insure his building and its contents in specified amounts, "advised plaintiff that such property was now insured and that such insurance would be with the American Fire and Casualty Company." This finding is fully supported by the evidence of the plaintiff himself. The parties having waived a trial by jury, this finding of fact by the Court, has the effect of a verdict of the jury and is conclusive on appeal. *Knutton v. Cofield,* 273 N.C. 355, 160 S.E. 2d 29; *Young v. Insurance Co.,* 267 N.C. 339, 148 S.E. 2d 226; *Everette v. Lumber Co.,* 250 N.C. 688, 110 S.E. 2d 288; *Insurance Co. v. Lambeth,* 250 N.C. 1, 108 S.E. 2d 36; Strong, N. C. Index 2d, Trial, § 58.

[8]    The notes prepared by Creech at the time of the conference with the plaintiff on 20 May 1969, the parties having stipulated the authenticity of a copy contained in the record on appeal, show the plaintiff's name, the name of American, the description of the building and its location, the amount of coverage and that the insurance was to be a standard fire policy. Nothing else appearing, the above mentioned finding of fact, supported as it is by the evidence in the record, compels the conclusion that Creech, on behalf of American, entered into a valid binder affording the plaintiff the insurance coverage which the plaintiff requested and Creech undertook to obtain, and does not support the contrary conclusions reached by the trial court to the effect that Creech did not bind American to a contract of fire insurance coverage and negligently failed to procure such coverage. It is apparent that the trial court reached its said conclusions by reason of its finding that Creech, through his secretary, forgot and neglected to issue the written memorandum, as contemplated, and the finding that the contract between Creech and American required Creech to send to American a notice of any commitment of liability on or before the date on which such insurance was to be effective.

[9, 10]    The agency agreement between Creech and American, the authenticity of the copy thereof contained in the record being stipulated, specifically authorized Creech to issue binders. While it required that notice of any commitment of liability by the agent be sent to the company on or before the date on which the insurance is effective, it further provided that the agent

would be liable for any loss sustained by the company from his negligent delay in doing so. Thus, the contract does not make the sending of the notice to the company a condition precedent to the company's liability upon a binder, but merely provides for recourse by the company upon Creech if, due to his negligent failure to notify the company, it sustains a loss. Furthermore, nothing in the record indicates that the plaintiff had notice of this provision. Undisclosed, private limitations upon the authority of an agent do not bind a third party who, being unaware of them, contracts with the agent within the customary scope of such an agent's authority. *Lochner v. Sales Service*, 232 N.C. 70, 59 S.E. 2d 218; *Warehouse Co. v. Bank*, 216 N.C. 246, 4 S.E. 2d 863; *R. R. v. Smitherman*, 178 N.C. 595, 101 S.E. 208; Strong, N. C. Index 2d, Principal and Agent, § 5.

[11] The trial court having made findings as to all material facts, which findings are supported by competent evidence and which findings preclude recovery by the plaintiff against Creech, and having fallen into error only in its conclusions of law based thereon, such error does not require a new trial but a reversal of the judgment insofar as it imposes liability upon Creech. See: *Conger v. Insurance Co.*, 266 N.C. 496, 146 S.E. 2d 462; Strong, N. C. Index 2d, Appeal and Error, § 63. In this respect only the judgment of the Court of Appeals is in error.

The appeal of Creech did not bring before the Court of Appeals, and so does not present to us, so much of the judgment of the superior court as adjudicated the right of the plaintiff to recover from American. Creech, having appealed, is not bound by that adjudication and is not precluded from attacking the soundness of the conclusions of law upon which it was based. See, *Conger v. Insurance Co., supra.*

The judgment of the Court of Appeals is therefore vacated and this matter is remanded to it for the entry of a judgment reversing the judgment of the superior court insofar as that judgment relates to the right of the plaintiff to recover from the defendant Creech.

Vacated and remanded.