LLOYD P. SLOAN, JR., D/B/A SLOAN INSURANCE AGENCY v. JOSEPH EARL WELLS

No. 102

(Filed 5 February 1979)

**1. Insurance § 4— form of binder**

No specific form or provision is necessary to render a memorandum or an oral communication intended as an insurance binder a valid contract of insurance, and it is not necessary that the writing or oral communication set forth all the terms of the contemplated contract of insurance in order to constitute a valid binder.

**2. Insurance § 2.3— failure to procure insurance—nature and duration of risk— sufficiency of evidence**

The evidence was sufficient for the jury on defendant's counterclaim against plaintiff insurance agent for breach of an oral agreement to procure insurance on a Franklin logger which was subsequently destroyed by fire, notwithstanding there was no evidence of the exact nature of the risk to be insured against or the duration of the risk, where defendant testified as to the subject matter, amount of coverage, and the premium to be paid, and where plaintiff's testimony that he had started insuring defendant's logging equipment the year before the agreement in question would permit the jury to find that upon defendant's request plaintiff would obtain coverage consistent with the parties' previous dealings.

Justices BRITT and BROCK did not participate in the consideration or decision of this case.

APPEAL by defendant from the decision of the Court of Appeals, reported in 37 N.C. App. 177, 245 S.E. 2d 529 (1978), finding no error in the trial before *Ward, J.*, at the 16 May 1977 Civil Session of Beaufort County District Court.

Plaintiff instituted this action on an account to recover insurance premiums on motor vehicles owned by defendant. Defend-

ant counterclaimed, alleging that plaintiff had failed to procure insurance, pursuant to an oral agreement, on a Franklin logger which was subsequently destroyed by fire.

In support of his counterclaim, defendant offered evidence tending to show that on or about 10 September 1973 he went to plaintiff's office to inquire about obtaining insurance coverage for his Franklin logger. Plaintiff quoted tentative premium rates for coverage of $16,000 and $12,500. Defendant decided on coverage of $12,500, and plaintiff told him that the premium was $412 and "it would be covered." Thereafter, defendant did not attempt to obtain any other insurance on the Franklin logger.

Plaintiff testified that while he did not remember talking to defendant concerning insurance on the logger, "I could have talked to him on that day concerning the Franklin logger. It's very possible. I talk to a lot of people every day about some stuff . . . insuring something." He denied, however, *any* agreement with defendant relative to insurance coverage on this particular piece of logging equipment.

At the close of all the evidence, plaintiff moved for a directed verdict on defendant's counterclaim, which motion was granted.

*William P. Mayo and Rodman, Rodman, Holscher & Francisco, by Edward N. Rodman, attorneys for plaintiff appellee.*

*McCotter & Mayo by Hiram J. Mayo, Jr., attorneys for defendant appellant.*

BRANCH, Justice.

The sole question presented is whether the trial court erred in granting plaintiff's motion for a directed verdict on defendant's counterclaim.

In finding no error in the trial below, the Court of Appeals apparently relied on an Oregon case, *Rodgers Insurance Agency v. Andersen Machinery*, 211 Or. 459, 316 P. 2d 497 (1957), and quoted the following language therefrom:

> . . . [W]e believe that a contract to procure insurance should be proved with the same certainty as an oral contract of insurance or agreement to insure. The essential elements of such an agreement were first stated by this court in *Cleve-*

*land Oil Co. v. Ins. Society*, 34 Or. 228, 233, 55 P. 435, in the following language:

> "In order to make a valid contract of insurance," says Mr. Wood, in his work on Fire Insurance (2 ed.) § 5, "several things must concur: First, the subject-matter to which the policy is to attach, must exist; second, the risk insured against; third, the amount of the indemnity must be definitely fixed; fourth, the duration of the risk; and, fifth, the premium or consideration to be paid therefor must be agreed upon, and paid, or exist as a valid legal charge against the party insured where payment in advance is not a part of the condition upon which the policy is to attach. The absence of either or any of these requisites is fatal in cases where a parol contract of insurance is relied upon."

After quoting the foregoing language from *Rodgers*, Judge Erwin, speaking for the Court of Appeals, stated:

> We conclude that defendant presented sufficient evidence to submit the following issues to the jury on the question of whether or not a proposed insurance contract was entered: (1) the subject matter to which the policy was to attach was a Franklin Logger, (2) the amount of indemnity or the proposed insurance contract was $12,500.00. However, defendant's evidence was fatal on the following issues: (1) the risk insured against (whether fire, liability, or comprehensive), (2) the duration of the risk (whether six months or one year), (3) the premium consideration to be paid for the proposed insurance contract. The evidence did not show that the premiums were paid or that the plaintiff charged the defendant for such insurance. In view of the record before us and the lack of evidence on the part of defendant, we are compelled to hold that the trial court properly granted plaintiff's motion for directed verdict of defendant's counterclaim under Rule 50(a) of the Rules of Civil Procedure.

We note that a subsequent Oregon case clarifies *Rodgers*. In *Hamacher v. Tumy*, 222 Or. 341, 352 P. 2d 493 (1960), the court stated:

> . . . The Rodgers case does not hold that the manner of proof is the same for both contracts to procure insurance and contracts of insurance. . . .

. . . Obviously, liability for failure to procure insurance could not arise unless the agent had sufficiently definite directions from his principal to enable him to consummate the final insurance contract. Perhaps ordinarily the broker and his client expressly agree upon all of the essential elements which are to be included in the final insurance contract. But such an *express* agreement is not necessary; the scope of the risk, the subject matter to be covered, the duration of the insurance, and other elements can be found by implication. . . .

In light of the distinction between contracts of insurance and contracts to procure insurance noted by the Oregon Supreme Court in *Hamacher*, we are of the opinion that the Court of Appeals' reliance on *Rodgers Insurance Agency v. Andersen Machinery, supra*, was misplaced.

More importantly, however, our own cases dictate a different result than that reached by the Court of Appeals. North Carolina does not adhere to such rigid requirements for valid insurance binders as those imposed by the Court of Appeals.

[1]   A binder is an insurer's bare acknowledgment of its contract to protect the insured against casualty of a specified kind until a formal policy can be issued. The binder may be oral or written. *Wiles v. Mullinax*, 270 N.C. 661, 155 S.E. 2d 246 (1967); *Moore v. Electric Co.*, 264 N.C. 667, 142 S.E. 2d 659 (1965). No specific form, or provision, is necessary to constitute a memorandum, or an oral communication, intended as a binder, a valid contract of insurance. *Mayo v. Casualty Co.*, 282 N.C. 346, 192 S.E. 2d 828 (1972); *Wiles v. Mullinax, supra*. Moreover, it is not required that the writing, or oral communication, set forth all the terms of the contemplated contract of insurance. *Mayo v. Casualty Co., supra*.

[2]   In instant case, defendant testified as to the subject matter, the amount of coverage, and the premium to be paid. Although the record does not indicate the exact nature of the risk to be insured against or the duration of the risk, plaintiff testified that he "had insurance or started insuring his [defendant's] logging equipment in July, 1972." This evidence would support an inference which would permit, but not require, the jury to find that upon defendant's request plaintiff would obtain coverage consistent with the parties' previous dealings.

We hold that the evidence presented was sufficient to carry defendant's counterclaim to the jury, and the trial court erred in granting plaintiff's motion for a directed verdict thereon.

The decision of the Court of Appeals is

Reversed.

Justices BRITT and BROCK did not participate in consideration or decision of this case.