ROY LEE HARRELL v. WILLIAM A. DAVENPORT, JR. AND NORTH CARO-
LINA FARM BUREAU MUTUAL INSURANCE COMPANY

No. 828SC176

(Filed 1 February 1983)

1. Insurance § 2.2— negligent failure to procure fire insurance policy—genuine
issue as to promise to procure

    In an action brought by plaintiff for negligent failure to procure a fire in-
surance policy, the forecast of evidence raised a material question of fact as to
whether defendant insurance agent undertook to procure a policy of insurance
on plaintiff's tractors.

2. Insurance § 2.2— negligent failure to procure policy—summary judgment im-
proper

    In an action to recover damages for the negligent failure to procure a fire
insurance policy, the trial court erred in entering summary judgment for
defendant insurance company in that the allegations in plaintiff's complaint
were sufficient to state a claim for relief against defendant insurance company
under generally accepted principles of agency law as applied to the relation-
ship of insurance agents and companies they represent or are employed by.

APPEAL by plaintiff from *Barefoot, Judge.* Judgment entered
19 October 1981 in GREENE County Superior Court. Heard in the
Court of Appeals 9 December 1982.

Plaintiff brought this action to recover damages for the
negligent failure to procure a fire insurance policy. In his verified
complaint, plaintiff alleged the following essential facts and cir-
cumstances. Defendant Davenport was an agent of defendant in-
surance company and had the authority to issue fire insurance
policies and binders as the agent for defendant insurance com-
pany. On 16 November 1979, plaintiff requested Davenport to
write an insurance policy insuring plaintiff against loss by fire of
two tractors, in the amount of $4,000.00 respectively. Davenport
advised plaintiff that the tractors would be insured by defendant
insurance company and that the binder would be issued im-
mediately. Plaintiff offered to pay Davenport the premium for the

policy, but Davenport refused, stating he would have to consult the manual to determine the amount of premium due. On 7 March 1980, the tractors were destroyed by fire. When plaintiff notified Davenport of the loss, Davenport informed plaintiff that the policy had not been written and that the tractors were not covered by insurance. Defendant insurance company denied coverage of the tractors. Defendant Davenport, an agent for defendant insurance company, undertook to procure for plaintiff a policy to insure the tractors against loss by fire, but negligently failed to do so. His negligence was the proximate cause of plaintiff's loss.

Defendant insurance company answered, admitting that defendant Davenport was its Agency Manager in Greene County, admitting that no policy was issued to insure plaintiff's tractors, and denying plaintiff's other essential allegations. Defendant insurance company further alleged that it was never requested to issue such a policy for plaintiff.

Defendant Davenport answered, admitting that on 16 November 1979 he was an agent for defendant insurance company, admitting plaintiff's fire loss, admitting that he did not write a policy to cover plaintiff's tractors, and denying plaintiff's other essential allegations.

After the pleadings were joined, defendants moved for summary judgment. At the hearing on the motion, the materials before the trial court consisted of plaintiff's verified complaint, plaintiff's deposition, the deposition of plaintiff's son, Roy Stevens Harrell, the affidavit of plaintiff's wife, the deposition and affidavit of defendant Davenport, the affidavit of Judy McMillen, Hilda Harper and Joyce Noble, office employees of defendant insurance company, and the affidavit of Allen Hardison, a Greene County agent for defendant insurance company.

Defendant Davenport testified substantially as follows. On 16 November 1979, he met with plaintiff at plaintiff's home, at the time he was the exclusive agent for defendant insurance company in Greene County. While at plaintiff's residence on 16 November 1979, he "wrote" an insurance policy to cover the contents of plaintiff's home. He discussed coverage for the tractors with plaintiff, but told plaintiff he would not have time to take care of that policy that day. While there, he was given the serial

numbers from the tractors and their value. He told plaintiff he would be away for a week or ten days to attend his daughter's wedding, he would be very busy when he returned, and if he did not call plaintiff, for plaintiff to call him. He never called, nor did plaintiff. He just forgot. He never issued a binder or caused a policy to issue covering the tractors.

Noble stated that she, Hilda Harper, Judy McMillen, and Davenport were the only persons working in defendant insurance company's Greene County office between 16 November 1979 and 7 March 1980. She did not see plaintiff or Stevens Harrell in the office between 16 November 1979 and 7 March 1980, and no one from the Harrell family ever called to give the serial numbers or other information on the tractors. Harper and McMillen made similar statements.

In his deposition, plaintiff testified that in November 1979, plaintiff's wife called defendant Davenport about insuring the contents of plaintiff's home, as they (the Harrells) wanted to change companies. Davenport came to the Harrell home on 16 November 1979, plaintiff, his wife, and his son Steve were present. Plaintiff discussed coverage for the tractors with Davenport, who stated he would require serial numbers and values. Plaintiff's son then called Eastern Tractor and Equipment Company in Greenville, obtained values for the tractors, wrote them down and handed them to Davenport. Plaintiff's son then went to the yard, got the serial numbers on the tractors, wrote them down and gave them to Davenport. Plaintiff offered to pay Davenport, but Davenport said he did not have his rate book with him. Davenport stated he would write the policy and send a bill. The following week, Davenport called plaintiff's wife to say that he had lost the information on the tractors. Plaintiff's son took the information to Davenport's office. Three weeks or a month later, plaintiff's wife called Davenport to remind him. Davenport stated that he was busy, had not written the coverage, but would get right on it. Plaintiff never paid a premium nor received a policy on the tractors. In their affidavits, plaintiff's wife and son supported plaintiff's testimony in its essential elements.

From summary judgment entered for defendants, plaintiff has appealed.

*Wilton R. Duke, Jr. for plaintiff-appellant.*

*Fred W. Harrison for defendant-appellee Davenport.*

*Speight, Watson and Brewer, by Susan Parrott Carlton and William C. Brewer, Jr., for defendant-appellee North Carolina Farm Mutual Insurance Company.*

WELLS, Judge.

The threshold substantive question before us is whether, under the forecast of evidence before the trial court, the statements and conduct of defendant Davenport might be construed as an undertaking to procure a policy of insurance on plaintiff's tractors. In *Wiles v. Mullinax* (first appeal), 267 N.C. 392, 148 S.E. 2d 229 (1966), our Supreme Court recited the rule applicable to the forecast of evidence in this case, as follows:

> "It is very generally held that where an insurance agent or broker undertakes to procure a policy of insurance for another, affording protection against a designated risk, the law imposes upon him the duty, in the exercise of reasonable care, to perform the duty he has assumed and within the amount of the proposed policy he may be held liable for the loss properly attributable to his negligent default."

[1] We hold that the forecast of evidence in this case raises a genuine, material question of fact as to whether defendant Davenport entered into such an undertaking. Defendants contend that the undertaking was not consummated because plaintiff and Davenport failed to agree on all the elements of the policy. The forecast of evidence shows that plaintiff and Davenport discussed the identity of the property to be insured and the value of the property. The forecast of evidence does not indicate that plaintiff and Davenport discussed the policy period, or that they agreed on the amount of the premium. *Mayo v. Casualty Co.*, 282 N.C. 346, 192 S.E. 2d 828 (1972) involved the negligent failure of an insurance agent to issue a binder for a fire insurance policy. The Court held that no specific form or provision is necessary to constitute an oral communication intended as a binder, that it is not required that the communication leading to a binder set forth all the terms of the contemplated insurance policy, and that the provisions of the statutory standard insurance policy are read into a

binder. *See also Sloan v. Wells,* 296 N.C. 570, 251 S.E. 2d 449 (1979). Applying the foregoing *Mayo* and *Sloan* principles to the present case, we hold that the communications between plaintiff and defendant Davenport were sufficient to allow but not require a jury to find that Davenport entered into an undertaking to obtain a standard policy on plaintiff's tractors to insure them for $4,000.00 each against loss by fire. The fact that plaintiff and Davenport did not agree on the amount of the premium to be paid is not fatal to plaintiff's claim, as the jury might find an implied promise by plaintiff to pay the premium as calculated by Davenport.

We are also persuaded that from the forecast of evidence before the trial court, there was a genuine material issue of fact as to whether Davenport used reasonable diligence to procure the policy of insurance plaintiff desired for his tractors.

[2]   The next substantive issue we address is whether defendant insurance company was entitled to summary judgment under principles of agency law. Defendant insurance company contends that the record is barren of facts or evidence from which it could be inferred that defendant Davenport was an employee of defendant insurance company, and thus, there was no showing that defendant insurance company was responsible or answerable for Davenport's alleged negligent acts. In his complaint, plaintiff alleged that Davenport was an agent of defendant insurance company, had authority to issue policies and binders for defendant insurance company, that in response to plaintiff's request, Davenport advised plaintiff that the requested policy would be issued by defendant insurance company, and that while acting as defendant insurance company's agent, Davenport negligently failed to procure or issue the policy. These allegations were sufficient to state a claim for relief against defendant insurance company under generally accepted principles of agency law as applied to the relationship of insurance agents and companies they represent or are employed by. *See Mayo v. Casualty Co., supra; Little v. Poole,* 11 N.C. App. 597, 182 S.E. 2d 206 (1971). Under these circumstances, on a motion for summary judgment, defendant insurance company had the burden of showing that plaintiff's claim was fatally defective in this respect. *See Lowe v. Bradford,* 305 N.C. 366, 289 S.E. 2d 363 (1982). This, defendant company failed to do. On the contrary, defendant Davenport, in his deposition,

testified that he was defendant insurance company's exclusive agent in Greene County and stated in his affidavit that he was "employed as an agent" by defendant insurance company from December of 1957 through July of 1980.

For the reasons stated, we hold that summary judgment was improvidently entered for the defendants. The judgment below is reversed and the case is remanded for trial.

Reversed and remanded.

Judges VAUGHN and WHICHARD concur.