GREGG HORNBY, D/B/A THE TOUCH OF GLASS v. PENNSYLVANIA NA-
TIONAL MUTUAL CASUALTY INSURANCE COMPANY, AND C. BEN-
JAMIN SPRADLEY, D/B/A C. BENJAMIN SPRADLEY INSURANCE

No. 825SC409

(Filed 7 June 1983)

1. **Insurance § 4— insurance binder—not in effect at time of fire**

    Plaintiff was not covered by a valid binder at the time of a fire which
    destroyed his property where, on the face of the binder, it was obvious the
    binder had expired prior to the time of the fire. G.S. 58-177(4).

2. **Insurance § 2.2— sufficiency of evidence of insurance company's negligence in
    failing to effect insurance coverage**

    The evidence was sufficient to go to the jury on the question of whether
    an insurance company was negligent by its own actions in failing to effect in-
    surance coverage where there was evidence that the company was aware of
    plaintiff's application for insurance since their agent testified that he contacted
    the company two to four times between the date of the application and the
    date of the fire and that it never acknowledged whether the application had
    been received.

3. **Insurance § 2.2— liability of insurance company for negligence on part of agent**

    Where plaintiff alleged and his evidence tended to prove that the person
    with whom he dealt concerning insurance was defendant insurance company's
    actual and apparent agent, that the agent had authority to bind the insurance
    company, that the insurance company entered into a contract of insurance with
    plaintiff, that the agent repeatedly told plaintiff prior to the fire and for
    several days thereafter that he had insurance coverage, and that the agent
    failed to take those steps necessary to effect insurance coverage, the trial
    court improvidently entered a directed verdict for the insurance company on
    the issue of whether the insurance company was liable for negligence on the
    part of its agent.

APPEAL by plaintiff from *Tillery, Judge*. Judgment entered 6
August 1981 in Superior Court, NEW HANOVER County. Heard in
the Court of Appeals 18 February 1983.

This is an action to recover damages incurred by plaintiff when property he owned was destroyed by fire on 23 December 1977. Plaintiff alleged a number of claims for relief against Pennsylvania National Mutual Casualty Insurance Company (Penn), including breach of contract and, in the alternative, negligent failure to effect insurance coverage. Plaintiff also alleged a claim for relief against Penn's agent, Benjamin Spradley, for negligent failure to procure insurance coverage.

Plaintiff's evidence tended to show the following: At all times pertinent to this appeal, Spradley, an independent insurance agent, had "full power and authority to receive and accept proposals for insurance including binding authority," pursuant to an agency agreement with Penn. Spradley was also authorized to write insurance policies for Penn. Penn's and Spradley's agency agreement stated that the relationship of employer and employee did not exist between Penn and Spradley and that Spradley was an independent contractor.

On 4 March 1977, plaintiff gave Spradley a $200 down payment toward an annual premium of $600 for a policy to insure a building, which plaintiff owned, for $25,000 and to insure its contents for $10,000. Spradley told plaintiff that he "was covered" by Penn, effective 9 March 1977. An application for insurance, completed by plaintiff, indicated an effective date of 9 March 1977. Spradley deposited the $200 check he received from plaintiff in his own account, and on 11 March he mailed the application to Penn in the regular course of his business. The application was mailed in an envelope furnished to Spradley by Penn. There was no evidence that Penn actually received the application prior to the fire. A written policy was never issued to plaintiff. Upon failing to receive a policy, plaintiff contacted Spradley numerous times inquiring about the policy. Spradley repeatedly assured plaintiff that he was covered and told plaintiff that Penn was slow in sending out policies. Spradley testified that he called the company two to four times between 11 March and the day of the fire but "[t]hey never acknowledged either way whether they received the application."

In October 1977, Waccamaw Bank, which held a mortgage on plaintiff's property, contacted Spradley and requested verification of insurance coverage. To accommodate the bank, Spradley pre-

pared a binder, dated 11 October 1977, which stated that pending issuance of a policy, insurance coverage was bound for a 90 day period, effective 15 August 1977 through 15 November 1977. Although the binder stated that it was countersigned on its effective date, Spradley testified that it was actually countersigned on the date it was prepared, 11 October 1977. The binder provided that it would be "continuous for 12 months with policy issued as replacement of binder" and that it would "not continue in force beyond the expiration date stated herein." A copy of the binder was given to the plaintiff, but not to Penn.

In late October, plaintiff requested that Spradley increase the amount of insurance coverage on the contents of the building from $10,000 to $40,000. Plaintiff testified that Spradley told him it would be "no problem." Spradley then told plaintiff he was covered for the increased amount. Spradley testified, as an adverse witness, that he told plaintiff he only had authority to bind coverage on the contents for $10,000 and could not increase it to $40,000, but that as soon as the written policy was issued he would request an increase in coverage from the company.

On 23 December 1977, plaintiff's building and its contents were almost completely destroyed by fire. While the building was burning, Spradley assured plaintiff that he had insurance coverage. Sometime later he was told that coverage was being denied on his claim.

At the close of plaintiff's evidence, the trial court granted a directed verdict in favor of Penn and denied Spradley's motion for directed verdict. Plaintiff took a voluntary dismissal without prejudice as to Spradley and appealed from the judgment awarding Penn a directed verdict.

*Rose, Rand, Ray, Winfrey and Gregory, by Ronald E. Winfrey, and Newton, Harris and Shanklin, by Kenneth A. Shanklin, for plaintiff appellant.*

*Robert White Johnson, for defendant appellee Penn.*

JOHNSON, Judge.

The question raised by this appeal is whether the trial court erred in directing a verdict for Penn at the close of the plaintiff's evidence. In determining whether the evidence is sufficient to

withstand a motion for directed verdict under Rule 50(a) of the Rules of Civil Procedure, plaintiff's evidence must be taken as true and all the evidence must be viewed in the light most favorable to him, giving him the benefit of every reasonable inference which may legitimately be drawn therefrom, with conflicts, contradictions and inconsistencies being resolved in plaintiff's favor. *Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E. 2d 245 (1979). Applying this standard to the present case, we find that the trial court properly allowed Penn's motion for a directed verdict on the issue of breach of contract, however, we believe the issue of negligence should have been submitted to the jury.

[1]  As to the issue of breach of contract, plaintiff contends that Spradley, acting as Penn's agent, bound Penn to an oral contract of insurance which was in effect at the time plaintiff's property was destroyed by fire. A binder is an "insurer's bare acknowledgment of its contract to protect the insured against casualty of a specified kind until a formal policy can be issued, or until insurer gives notice of its election to terminate." *Moore v. Electric Co.*, 264 N.C. 667, 673, 142 S.E. 2d 659, 664 (1965). Assuming *arguendo* that Spradley's statements to plaintiff in March of 1977 concerning insurance coverage, in fact, constituted a valid binder and that the effective date of that binder was 9 March 1977, as recited in the application for insurance, we must decide whether the binder was still in effect at the time plaintiff's property was destroyed by fire. G.S. 58-177(4) provides that "[b]inders or other contracts for temporary insurance may be made orally or in writing, for a period which shall not exceed sixty (60) days . . ." We have found no North Carolina cases determining whether binders are void beyond this 60 day statutory period. However, the Virginia Supreme Court of Appeals has interpreted a similar statute, which provides that contracts for temporary insurance may be made for 30 days, and has held that such contracts are not valid beyond the statutory time period. *National Liberty Ins. Co. of America v. Jones*, 165 Va. 606, 183 S.E. 443 (1936); *Eastern Shore of Virginia Fire Insurance Co. v. Kellam*, 159 Va. 93, 165 S.E. 637 (1932). We find no valid reason for holding otherwise in this case. The wording of our statute is unambiguous, reflecting a clear legislative intent that binders and contracts for temporary insurance be enforceable for only 60 days. We, therefore, find that under the express language of G.S. 58-177(4), any binder

issued in March of 1977 would have terminated long before plaintiff's property was destroyed by fire.

It is undisputed that a second binder was prepared on 11 October 1977. Plaintiff contends that the language of this binder is ambiguous because, among other things, it is impossible for this binder to have been countersigned on its effective date. Plaintiff also argues that since the binder stated it was to be effective for 90 days and to be continuous for 12 months with the policy issued as a replacement for the binder, then it could easily be interpreted as providing coverage at the time of the fire. We do not agree. The undisputed testimony at trial, as well as the language in the binder, indicates that 15 August 1977 was to be its effective date. There is no ambiguity on the face of the binder concerning this effective date. Even if we were to hold that the binder was effective for 90 days, rather than for 60 days as provided by G.S. 58-177(4), it would still have expired prior to the fire.

For the foregoing reasons, we hold that plaintiff was not covered by a valid binder at the time of the fire. The uncontradicted evidence also shows no written policy was ever issued. Therefore, the court properly granted a directed verdict to Penn on plaintiff's breach of contract claim.

[2] The next issue we decide is whether Penn was entitled to a directed verdict on plaintiff's negligence claims. We believe the evidence, when viewed in the light most favorable to the plaintiff, is sufficient to go to the jury on the question of whether Penn was negligent by its own actions in failing to effect insurance coverage. There is clearly some evidence that Penn was aware of plaintiff's application for insurance since Spradley testified that he contacted the company two to four times between 11 March and the date of the fire and that it never acknowledged whether the application had been received. Although there was no evidence that Spradley properly addressed or stamped the application prior to mailing it, the evidence does show that Spradley placed the application in an envelope provided to him by Penn and that he mailed it in the regular course of business. Evidence that a letter has been mailed permits an inference that it was properly addressed and stamped and that it was received by the addressee. *Mill Co. v. Webb*, 164 N.C. 87, 80 S.E. 232 (1913); *Pennington v. Flame Refractories, Inc.*, 53 N.C. App. 584, 281 S.E. 2d

463 (1981). We find the foregoing evidence sufficient to overcome plaintiff's motion for a directed verdict as to Penn's own negligence.

[3] Furthermore, we believe the trial court improvidently entered a directed verdict for Penn on the issue of whether Penn was liable for negligence on the part of its agent Spradley. In his complaint, plaintiff alleged that Spradley was Penn's actual and apparent agent, that as Penn's agent Spradley had full power and authority to receive and accept proposals for insurance including authority to bind Penn, that Penn through its agent Spradley entered into a contract of insurance with plaintiff 'in March of 1977, that plaintiff was repeatedly told by Spradley prior to the fire and for several days thereafter that he had insurance coverage, that if Spradley failed to take those steps necessary to effect insurance coverage then Spradley was negligent, and that such negligence is imputed to his principal Penn. These allegations are sufficient to state a claim for relief against defendant insurance company under generally accepted principles of agency law. *Harrell v. Davenport*, 60 N.C. App. 474, 299 S.E. 2d 308 (1983). The evidence presented at trial, when considered in the light most favorable to the plaintiff, is sufficient to support these allegations. In *Harrell*, the pretrial forecast of evidence revealed facts remarkably similar to those in the present case. Under those circumstances, this Court held that summary judgment was improvidently entered for defendant insurance company. We believe that the presentation of such evidence at trial is also sufficient to overcome defendant insurance company's motion for a directed verdict. Accordingly, we hold that the court improperly granted a directed verdict on plaintiff's claim for relief against Penn based on the negligence of its agent Spradley.

Plaintiff also contends that equitable estoppel should be invoked to preclude Penn from denying plaintiff insurance coverage. We can find no evidence of misleading acts on the part of Penn sufficient to justify the application of the doctrine of equitable estoppel. Furthermore, since we have found that a directed verdict was improperly granted on the issue of negligence, there is no need to address plaintiff's remaining contention concerning the exclusion of evidence.

Affirmed in part, reversed in part and remanded.

Judges WELLS and HILL concur.