303 S.E.2d 332 (1983)
Gregg HORNBY, d/b/a The Touch of Class
v.
PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, and C. Benjamin Spradley, d/b/a C. Benjamin Spradley Insurance.
No. 825SC409.
Court of Appeals of North Carolina.
June 7, 1983.
*334 Rose, Rand, Ray, Winfrey & Gregory by Ronald E. Winfrey, Fayetteville, and Newton, Harris & Shanklin by Kenneth A. Shanklin, Wilmington, for plaintiff-appellant.
Crossley & Johnson by Robert White Johnson, Wilmington, for defendant-appellee Penn.
JOHNSON, Judge.
The question raised by this appeal is whether the trial court erred in directing a verdict for Penn at the close of the plaintiff's evidence. In determining whether the evidence is sufficient to withstand a motion for directed verdict under Rule 50(a) of the Rules of Civil Procedure, plaintiff's evidence must be taken as true and all the evidence must be viewed in the light most favorable to him, giving him the benefit of every reasonable inference which may legitimately be drawn therefrom, with conflicts, contradictions and inconsistencies being resolved in plaintiff's favor. Rappaport v. Days Inn, 296 N.C. 382, 250 S.E.2d 245 (1979). Applying this standard to the present case, we find that the trial court properly allowed Penn's motion for a directed verdict on the issue of breach of contract, however, we believe the issue of negligence should have been submitted to the jury.
As to the issue of breach of contract, plaintiff contends that Spradley, acting as Penn's agent, bound Penn to an oral contract of insurance which was in effect at the time plaintiff's property was destroyed by fire. A binder is an "insurer's bare *335 acknowledgement of its contract to protect the insured against casualty of a specified kind until a formal policy can be issued, or until insurer gives notice of its election to terminate." Moore v. Electric Co., 264 N.C. 667, 673, 142 S.E.2d 659, 664 (1965). Assuming arguendo that Spradley's statements to plaintiff in March of 1977 concerning insurance coverage, in fact, constituted a valid binder and that the effective date of that binder was 9 March 1977, as recited in the application for insurance, we must decide whether the binder was still in effect at the time plaintiff's property was destroyed by fire. G.S. 58-177(4) provides that "[b]inders or other contracts for temporary insurance may be made orally or in writing, for a period which shall not exceed sixty (60) days ..." We have found no North Carolina cases determining whether binders are void beyond this sixty day statutory period. However, the Virginia Supreme Court of Appeals has interpreted a similar statute, which provides that contracts for temporary insurance may be made for 30 days, and has held that such contracts are not valid beyond the statutory time period. National Liberty Ins. Co. of America v. Jones, 165 Va. 606, 183 S.E. 443 (1936); Eastern Shore of Virginia Fire Insurance Co. v. Kellam, 159 Va. 93, 165 S.E. 637 (1932). We find no valid reason for holding otherwise in this case. The wording of our statute is unambiguous, reflecting a clear legislative intent that binders and contracts for temporary insurance be enforceable for only sixty days. We, therefore, find that under the express language of G.S. 58-177(4), any binder issued in March of 1977 would have terminated long before plaintiff's property was destroyed by fire.
It is undisputed that a second binder was prepared on 11 October 1977. Plaintiff contends that the language of this binder is ambiguous because, among other things, it is impossible for this binder to have been countersigned on its effective date. Plaintiff also argues that since the binder stated it was to be effective for 90 days and to be continuous for 12 months with the policy issued as a replacement for the binder, then it could easily be interpreted as providing coverage at the time of the fire. We do not agree. The undisputed testimony at trial, as well as the language in the binder, indicates that 15 August 1977 was to be its effective date. There is no ambiguity on the face of the binder concerning this effective date. Even if we were to hold that the binder was effective for 90 days, rather than for 60 days as provided by G.S. 58-177(4), it would still have expired prior to the fire.
For the foregoing reasons, we hold that plaintiff was not covered by a valid binder at the time of the fire. The uncontradicted evidence also shows no written policy was ever issued. Therefore, the court properly granted a directed verdict to Penn on plaintiff's breach of contract claim.
The next issue we decide is whether Penn was entitled to a directed verdict on plaintiff's negligence claims. We believe the evidence, when viewed in the light most favorable to the plaintiff, is sufficient to go to the jury on the question of whether Penn was negligent by its own actions in failing to effect insurance coverage. There is clearly some evidence that Penn was aware of plaintiff's application for insurance since Spradley testified that he contacted the company two to four times between 11 March and the date of the fire and that it never acknowledged whether the application had been received. Although there was no evidence that Spradley properly addressed or stamped the application prior to mailing it, the evidence does show that Spradley placed the application in an envelope provided to him by Penn and that he mailed it in the regular course of business. Evidence that a letter has been mailed permits an inference that it was properly addressed and stamped and that it was received by the addressee. Mill Co. v. Webb., 164 N.C. 87, 80 S.E. 232 (1913); Pennington v. Flame Refractories, Inc., 53 N.C.App. 584, 281 S.E.2d 463 (1981). We find the foregoing evidence sufficient to overcome plaintiff's motion for a directed verdict as to Penn's own negligence.
*336 Furthermore, we believe the trial court improvidently entered a directed verdict for Penn on the issue of whether Penn was liable for negligence on the part of its agent Spradley. In his complaint, plaintiff alleged that Spradley was Penn's actual and apparent agent, that as Penn's agent Spradley had full power and authority to receive and accept proposals for insurance including authority to bind Penn, that Penn through its agent Spradley entered into a contract of insurance with plaintiff in March of 1977, that plaintiff was repeatedly told by Spradley prior to the fire and for several days thereafter that he had insurance coverage, that if Spradley failed to take those steps necessary to effect insurance coverage then Spradley was negligent, and that such negligence is imputed to his principal Penn. These allegations are sufficient to state a claim for relief against defendant insurance company under generally accepted principles of agency law. Harrell v. Davenport, 60 N.C.App. 474, 299 S.E.2d 308 (1983). The evidence presented at trial, when considered in the light most favorable to the plaintiff, is sufficient to support these allegations. In Harrell, the pretrial forecast of evidence revealed facts remarkably similar to those in the present case. Under those circumstances, this Court held that summary judgment was improvidently entered for defendant insurance company. We believe that the presentation of such evidence at trial is also sufficient to overcome defendant insurance company's motion for a directed verdict. Accordingly, we hold that the court improperly granted a directed verdict on plaintiff's claim for relief against Penn based on the negligence of its agent Spradley.
Plaintiff also contends that equitable estoppel should be invoked to preclude Penn from denying plaintiff insurance coverage. We can find no evidence of misleading acts on the part of Penn sufficient to justify the application of the doctrine of equitable estoppel. Furthermore, since we have found that a directed verdict was improperly granted on the issue of negligence, there is no need to address plaintiff's remaining contention concerning the exclusion of evidence.
Affirmed in part, reversed in part and remanded.
WELLS and HILL, JJ., concur.